## Watkins v. Petefish et al.

1. *Sale and Delivery.*—Where there was a contract of sale, but the following facts relied upon as a delivery: Claimant was a creditor of his brother, against whom an attachment was issued. Shortly before the attachment was issued, he took some cattle to apply on his debt. He then proposed to take some horses, then in the pasture of a third party, at a figure which his brother thought too low, but next day sent his hired man to tell him that he could have them at the price mentioned. The creditor told the hired man he had no way to get them there, and the hired man said he would deliver them to him if he would pay him, etc. The hired man went to the pasture, took the horses, and started to deliver them, but on the way stopped at his employer's, the debtor brother, with the horses, intending to take them to the creditor brother next day, but while there, they were taken on the attachment. On the question of delivery, the court held that the law requires an open, visible change of possession, and that it would open a wide door to fraud if the law which requires a change of possession could be met by such proofs as these. The delivery was insufficient.

**Memorandum**—Attachment and interpleader. Appeal from a judgment in favor of the defendant, rendered by the Circuit Court of Cass County; the Hon. LYMAN LACEY, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

The opinion of the court states the case.

HENRY PHILLIPS & A. A. LEEPER, attorneys for appellants.

APPELLEES' BRIEF, R. W. MILLS, ATTORNEY.

The only question submitted to the jury was as to the delivery of the horses in controversy. If they were not actually delivered before the levy of the writ of attachment the creditors must hold them. Lewis et al. v. Swift, 54 Ill. 436.

Whether there was such delivery is a question of fact and was properly submitted to the jury upon instructions.

OPINION OF THE COURT, WALL, J.

The appellant claimed as his property, six horses levied upon by the sheriff under a writ of attachment, issued at the

instance of appellees against Elijah Watkins, a brother of appellant. Upon a trial by jury the issue was found against the appellant, and judgment was entered accordingly, from which an appeal has been prosecuted to this court. The only question was, whether the horses had been sold and delivered to the appellant by the attachment defendant, prior to the levy. There was a contract of sale, but we think the evidence fully warrants the finding that there was no delivery. When the levy was made the horses were in the stable lot of the attachment defendant. It appears that the appellant was a creditor of his brother, Elijah, for a considerable amount; that shortly before the attachment was sued out, he took some cattle of him to apply on the debt, and that he then proposed to take these horses (then in the pasture of a third party) at a certain figure which the debtor thought too low. The next day Elijah sent word by his hired man, Eads, to the appellant that he could have the horses at the price offered. Appellant said to Eads that he had no way to get them there, and Eads said he would deliver them to him if he, appellant, would pay him for so doing, and appellant told him that would be all right.

Eads then went to the pasture where the horses were, several miles distant, and took them to the premises of Elijah, intending, as he says, to take them to appellant the next day, but the levy was made that night.

Appellant claims that Eads was his agent and that when the levy was made the horses were in his possession because his agent, Eads, had done as stated.

When Elijah authorized Eads to carry his acceptance to appellant, he did not discharge Eads from his service. Eads had no right to give any time or service to appellant without the consent or direction of Elijah, his employer, and appellant could not, by the means supposed, make Eads his agent. Eads could not serve two masters at the same time.

It would be a play upon words, a mere perversion of terms, to say that, under the circumstances, Eads was the agent of appellant, and that the latter thereby had possession of the horses.

The law requires an open, visible change of possession. Here the animals were actually on the premises of the attachment debtor. It would open a wide door to fraud if the law, which requires a change of possession, could be met by such proof as appears in this case. It is suggested that the court erred in admitting some of the statements of the witness Mertz, though it is conceded the testimony had no bearing upon the pivotal question before the jury. We see no error of importance in this respect.

The instructions for the attachment creditor are not subject to complaint by appellant, and, indeed, we do not understand from the brief that any objection thereto is seriously urged.

We are satisfied with the judgment and it will be affirmed.